RICHARD WATERHOUSE AND OTHERS v. JOHN E. LOVE, ADMINISTRATOR, AND ANOTHER.

A writ of error is barred, after the expiration of two years from the *rendition* of the judgment; and the time is to be computed from the date of the judgment, not from the adjournment of the court which rendered it.

If the plaintiff have filed his petition for a writ of error, since the taking effect of Act of the 7th Legislature, p. 112, § 13, (O. & W. Dig., Art. 557,) and have failed to give a bond for the costs, as contemplated by that statute, the writ of error will, on motion, be dismissed.

ERROR from San Augustine. Tried below before the Hon. A. W. O. Hicks.

This was a suit commenced on the 25th day of January, 1855, by the plaintiffs in error, against the defendants in error. Final judgment was rendered in the District Court, on the 14th day of October, 1856, in favor of the defendants, for the costs of suit.

The petition of the plaintiffs, for a writ of error, was filed on the 18th day of October, 1858. They filed no bond, either to supersede the execution on the judgment, or for the costs which had accrued in the District Court, and which might accrue in the Supreme Court.

The defendants in error filed a motion in this court, to dismiss the writ of error, for the reasons : 1st. That more than two years had elapsed, from the rendition of the judgment in the case, to the filing of the petition for a writ of error. 2d. That the plain-

tiffs in error had not given a bond for the writ of error, as required by the Act of the 7th Legislature, p. 112, § 13.

*H. M. Kinsey*, for the defendants in error.

WHEELER, C. J.—The writ of error must be dismissed. The statute provides, that "no writ of error shall be granted after the expiration of two years from the rendition of the judgment." (Hart. Dig., Art. 794.) The language is too plain to be mistaken. It bars the remedy at the expiration of two years from the "rendition of the judgment."

The rendition of the judgment is an independent fact, distinct from the adjournment of the court, from other proceedings at the term, and in the same case; and it is from the happening of this fact, that the two years are to be computed. This is the plain meaning of the language of the statute. A previous section of the same act provides, in case of appeal, that the appeal bond shall be given "within twenty days after the term of the court, at which the judgment or decree was rendered," showing that the legislature had in mind the distinction between the date of the judgment and of the adjournment of the court. The petition for writ of error was not filed until after the expiration of two years from the rendition of the judgment.

The writ of error must have been dismissed on another ground. The petition in error was filed on the 18th of October, 1858, after the taking effect of the Act of the 5th of February, 1858, which provides, that "no writ of error, to remove a cause from the District to the Supreme Court, shall in any case issue, unless the plaintiff in error give bond, with sufficient security for all the costs which may accrue in the Supreme Court, and which may have accrued in the District Court." (Acts 7th Leg. p. 112, § 13.) No bond having been given, as the statute requires, the writ was obtained contrary to law, and must consequently be dismissed.

Dismissed.